A. M. Hume *v.* P. Guilfoyle.

**Judicial Sale of Real Estate—Judgment—Notice of Sale.**
  Where real estate is ordered sold the judgment should direct how and where the sale shall be made and the length of time it shall be advertised, and where real estate ordered sold consists of separate tracts not adjoining they should be ordered sold separately.

APPEAL FROM CAMPBELL CHANCERY COURT.

September 4, 1875.

OPINION BY JUDGE PETERS:

In November, 1872, appellant and others sold to Guilfoyle two

lots in the city of Newport for the price of $1,300, of which $550 were paid in hand, and for the unpaid balance Guilfoyle executed three notes for $250 each, payable respectively in eight, sixteen and twenty-four months from date. A conveyance of the lots was made on the same day the notes were executed, with the reservation of a lien on them to secure the payment of the notes for the unpaid purchase price.

The note which first matured was promptly paid, but the next one was not paid, and appellant brought this suit to coerce its payment by an enforcement of his lien on the lots. In the petition the lots are not only described by their numbers on the plan of the city, but the deed was filed as a part of the petition, describing by their abuttals. No defense was made to the suit, and a judgment was rendered in favor of appellant against appellee for $250, with interest at the rate of six per cent. per annum from the 21st of November, 1872, till paid, and the costs of suit. It was also adjudged that appellant had a lien on the property described in the petition, and the master was ordered to sell so much of said property as should be necessary to satisfy the judgment, publicly, to the highest bidder, on a credit of six months, at the court house door in Newport, Kentucky, on a day to be fixed by him, taking from the purchaser bond with good security for the purchase money, bearing interest from the day of sale, payable to himself. The time, place, and terms of sale were to be advertised according to law, etc.

It appears from the report of the master that the lots were sold together, although they did not adjoin, and brought $309.80. Appellant still having a note, unsatisfied, and his lien being exhausted, seeks a reversal of his own judgment, and Guilfoyle, the appellee, deeming that the property has been sold at a great sacrifice, by cross-appeal asks for a reversal of the judgment.

As appellant procured the judgment that was rendered, and as the judgment itself was not prejudicial to him, but the injury, if any be sustained, resulted from the manner in which the judgment was executed, and he failed to except to the master's report of sale, which was confirmed without objection, this court cannot afford him any relief, and the judgment on the original appeal must be affirmed.

But the condition of the cross-appellant, Guilfoyle, is different. Conscious of his indebtedness, he made no defense; but he did not thereby waive any error in the judgment and proceedings prejudicial to him. Although the lots are specifically described in the pe-

tition, no description is given in the judgment; but for their identification reference is made to the petition; and the report of the sale made by the master identifies the lots sold by their numbers, location, and size. While, therefore, this court would not feel authorized to reverse the judgment for the reason only that it did not contain a sufficient description of the property sold when the report of the master showed that the lots specified in the petition and title papers filed were sold by him, still we deem the judgment erroneous in other respects, and the manner of its execution by the commissioner unauthorized and prejudicial to Guilfoyle.

The law requires that reasonable notice of the time, terms and place of the sale of property shall be given, but it does not prescribe the mode of giving such notice; hence, in cases of this character, it is the duty of the court rendering the judgment to direct therein how and where the sale shall be made, and the length of time it shall be advertised. In the judgment complained of these important matters are left to the discretion of the commissioner.

Moreover, it appears from his report that although the lots did not adjoin, they were sold together. There was no offer to ascertain whether one of the lots or a part of one of them would sell for enough to pay the debt; and it is apparent from the diminution of the price at which the lots sold at the commissioner's sale compared with the price Guilfoyle contracted to pay for them, that the manner of advertising the sale, or the manner in which it was conducted, or both, must have caused the sacrifice.

Wherefore the judgment is *reversed* and the cause is remanded with directions to set aside the sale upon equitable principles, and for further proceedings consistent herewith.

*Whittaker & Ray, for appellant.*
*T. M. Webster, Stevenson & O'Hara, for appellee.*